# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **LUCINDIA MONDAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:21-CV-00014-HLM-** |
| | ) | **WEJ** |
| **COMMUNITY HEALTH** | ) | |
| **SERVICES OF GEORGIA DBA** | ) | |
| **SYSTEM ADMINISTRATIVE** | ) | |
| **SERVICES, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER

COMES NOW, System Administrative Services, LLC [1] ("Defendant"), by and through counsel, Constangy, Brooks, Smith & Prophete, LLP, and answers the

---

[1] The Defendant named in the case caption is a misnomer. System Administrative Services, LLC is not a "d/b/a" of Community Health Services of Georgia, LLC, since they are separate and distinct legal entities. Community Health Services of Georgia, LLC and System Administrative Services, LLC are both registered with the Georgia Secretary of State.  However, Community Health Services, LLC is no longer an active entity in Georgia, as it has been terminated with the Secretary of State. Plaintiff was employed by System Administrative Services, LLC and the Summons issued by the Court (Doc. 2) was directed to System Administrative Services, LLC. Thus, this response will be on behalf of the correct Defendant, System Administrative Services, LLC.

numbered paragraphs of the Complaint filed by Plaintiff Lucindia Monday as follows:

## FIRST DEFENSE

Answering the specific allegations of the Complaint, Defendant responds to them as follows:

## NATURE OF COMPLAINT

1.     In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to the statutes cited therein. Defendant denies all remaining allegations, including any allegation or implication that Defendant violated any laws or that Plaintiff is entitled to any of the relief that she seeks.

## JURISDICTION AND VENUE

2.     In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits only that this Court has personal and subject matter jurisdiction to adjudicate the claims alleged as currently pled in Plaintiff's Complaint filed on January 21, 2021.

3.     In response to the allegations contained in Paragraph 3, Defendant admits only that Plaintiff was assigned to a System Administrative Services location in Gray, Georgia and System Administrative Services' principal place of business is

also Gray, Georgia, and it has locations in Macon and Hawkinsville, Georgia, all of which are in Middle District of Georgia, Macon Division. Defendant denies any and all remaining allegations in Paragraph 3 of the Complaint.

## PARTIES

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      In response to the allegation contained in Paragraph 6 of the Complaint, Defendant admits only that it is registered with the Secretary of State of Georgia and has appropriate business licenses. Defendant denies any and all remaining allegations in Paragraph 6 of the Complaint.

7.      In response to the allegations contained in Paragraph 7 of the Complaint, Defendant admits only that Plaintiff was employed by System Administrative Services, LLC from July 25, 2018, to July 17, 2020. Defendant denies any and all remaining allegations in Paragraph 7 of the Complaint.

8.      In response to the allegation contained in Paragraph 8 of the Complaint, Defendant admits only that it is registered with the Secretary of State of Georgia and has appropriate business licenses. Further, Defendant admits only that Plaintiff was

assigned to a System Administrative Services location in Gray, Georgia and System Administrative Services' principal place of business is also Gray, Georgia, and it has locations in Macon and Hawkinsville, Georgia, all of which are in Middle District of Georgia, Macon Division. Defendant denies any and all remaining allegations in Paragraph 8 of the Complaint.

9.     In response to the allegations contained in Paragraph 9 of the Complaint, Defendant admits only that it employed Plaintiff longer than twelve months and that she worked more than 1,250 hours during the twelve months preceding her termination. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation.

10.     In response to the allegations contained in Paragraph 10 of the Complaint, Defendant admits only that Plaintiff is a female, and that she is an American citizen and upon information and belief is a resident of the State of Georgia. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

11.     In response to the allegations contained in Paragraph 11 of the Complaint, Defendant admits only that it employs more than fifty individuals within

a 75-mile radius of Plaintiff's previous worksite. Defendant denies any and all remaining allegations in Paragraph 11 of the Complaint.

12.    The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13.    In response to the allegations contained in Paragraph 13 of the Complaint, Defendant admits only that it employs more than fifteen people. The remaining allegations constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## ADMINISTRATIVE PROCEDURES

14.    In response to the allegations contained in Paragraph 14 of the Complaint, Defendant admits only that Plaintiff filed an EEOC Charge against Defendant on July 31, 2020. Defendant denies any and all remaining allegations contained in Paragraph 14 of the Complaint.

15.    Upon information and belief, Defendant admits the allegations contained in Paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16.    Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     In response to the allegations contained in Paragraph 17 of the Complaint, Defendant admits only that due to COVID-19 there were additional tasks related to tracking, reporting, and staffing that Human Resources assisted the centers with. Defendant denies any and all remaining allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical condition. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations in Paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth the allegations contained in Paragraph 20 of the Complaint, and accordingly denies the same.

21.     In response to the allegations contained in Paragraph 21 of the Complaint, Defendant admits only that on May 22, 2020, Plaintiff told Sandra Jean by email that her increased workload was having a negative impact on her health.

Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations in Paragraph 21 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.    In response to the allegation contained in Paragraph 24 of the Complaint, Defendant admits only that Sandra Jean addressed Plaintiff's missed deadlines. Defendant denies any and all remaining allegations in Paragraph 24 of the Complaint.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    In response to the allegation contained in Paragraph 27 of the Complaint, Defendant admits only that on June 14, 2020, Plaintiff sent Sandra Jean an email requesting FMLA leave. Defendant denies any and all remaining allegations in Paragraph 27 of the Complaint.

28.     In response to the allegation contained in Paragraph 28 of the Complaint, Defendant admits only that Plaintiff courtesy copied Brandon Poole on her email to Sandra Jean. Defendant denies any and all remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint, and accordingly denies same.

30.     Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31.     In response to the allegations contained in Paragraph 31 of the Complaint, Defendant admits only that Plaintiff complained about Sandra Jean. Defendant denies any and all remaining allegations contained in Paragraph 31 of the Complaint.

32.     In response to the allegations contained in Paragraph 32 of the Complaint, Defendant admits only that Plaintiff complained about issues communicating with Sandra Jean. Defendant denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

8

34.    In response to the allegations contained in Paragraph 34 of the Complaint, Defendant admits only that Plaintiff was treated on June 15, 2020. Defendant denies any and all remaining allegations contained in Paragraph 34 of the Complaint.

35.    In response to the allegations contained in Paragraph 35 of the Complaint, Defendant admits only that Plaintiff sought FMLA leave from June 15, 2020, to July 15, 2020. Defendant denies any and all remaining allegations contained in Paragraph 35 of the Complaint.

36.    In response to the allegations contained in Paragraph 36 of the Complaint, Defendant admits only that the June 22, 2020, FMLA certification provided by Plaintiff diagnosed her as having "acute anxiety adjust disorder with mood changes" and it identified "limitations on duration to 4 hours per day." Defendant denies any and all remaining allegations contained in Paragraph 36 of the Complaint.

37.    Defendant admits the allegations contained in Paragraph 37 of the Complaint.

38.    Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40.    In response to the allegations in Paragraph 40 of the Complaint, Defendant admits only that Plaintiff was sent an email approving her FMLA request from June 15, 2020 to July 15, 2020, but denies that the email stated the FMLA would be continuous. Defendant denies any and all remaining allegations contained in Paragraph 40 of the Complaint.

41.    Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.    In response to the allegations contained in Paragraph 42 of the Complaint, Defendant admits only that Plaintiff submitted a modified accommodations request from her doctor on July 2, 2020, to limit her work day to eight hours. Defendant denies any and all remaining allegations contained in Paragraph 42 of the Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.    In response to the allegations contained in Paragraph 44 of the Complaint, Defendant admits only that Plaintiff was sent an email that stated that "the essential functions of a Human Resource Manager … require the ability to work

10

over 8 hours when needed," and that the company "cannot guarantee installation from stressors of the position." Defendant denies any and all remaining allegations contained in Paragraph 44 of the Complaint.

45.     In response to the allegations contained in Paragraph 45 of the Complaint, Defendant admits only that Plaintiff sent a response email to Defendant. Defendant denies any and all remaining allegations contained in Paragraph 45 of the Complaint.

46.     In response to the allegations contained in Paragraph 46 of the Complaint, Defendant admits only that it accommodated Plaintiff's request to work only eight hours a day and sought additional information concerning other "accommodations" requested. Defendant denies any and all remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint, and accordingly denies the same.

48.     Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.    In response to the allegations contained in Paragraph 50 of the Complaint, Defendant admits only that Plaintiff's employment was terminated on July 17, 2020. Defendant denies any and all remaining allegations contained in Paragraph 50 of the Complaint.

51.    In response to the allegations contained in Paragraph 51 of the Complaint, Defendant admits only that Plaintiff was told Defendant was "headed in a different direction." Defendant denies any and all remaining allegations contained in Paragraph 51 of the Complaint.

52.    In response to the allegations contained in Paragraph 52 of the Complaint, Defendant admits only that it listed "terminated" as the reason for separation on the Georgia Department of Labor Separation Notice. Defendant denies any and all remaining allegations contained in Paragraph 52 of the Complaint.

53.    Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.    Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.    Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.    Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT I: FMLA INTERFERENCE

60.    In response to the allegations contained in Paragraph 60 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 16-59 above, as if fully stated herein.

61.    The allegations contained in Paragraph 61 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

62.    The allegations contained in Paragraph 62 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

63.    Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant admits the allegations contained in Paragraph 65 of the Complaint.

66.    The allegations contained in Paragraph 66 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

67.    In response to the allegations contained in Paragraph 67 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical condition requiring leave. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 67 of the Complaint.

68.    The allegations contained in Paragraph 68 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

69.    In response to the allegations contained in Paragraph 69 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical

condition requiring leave. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint.

**COUNT II: FMLA RETALIATION**

75.     In response to the allegations contained in Paragraph 75 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 16-59 above, as if fully stated herein.

76.     The allegations contained in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

77.     The allegations contained in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

78.     Defendant admits the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant admits the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant admits the allegations contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

82.     In response to the allegations contained in Paragraph 82 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical condition requiring leave. Defendant lacks knowledge or information sufficient to

16

form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 82 of the Complaint.

83.     The allegations contained in Paragraph 83 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

84.     In response to the allegations contained in Paragraph 84 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical condition requiring leave. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.    Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

90.    In response to the allegations contained in Paragraph 90 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 16-59 above, as if fully stated herein.

91.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 91, and accordingly denies same.

92.    The allegations contained in Paragraph 92 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

93.    In response to the allegations contained in Paragraph 93 of the Complaint, Defendant admits only that Plaintiff requested accommodations for an alleged medical condition. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 93 of the Complaint.

94.    Defendant denies the allegations contained Paragraph 94 of the Complaint.

95.    The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

96.    The allegations contained in Paragraph 96 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

97.    Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.    Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.    Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.   Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.   Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.   Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.   Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.   Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.   Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.   In response to the allegations contained in Paragraph 109 of the Complaint, Defendant admits that Plaintiff seeks these damages, but denies that Plaintiff is entitled to such damages or entitled to any other remedies or damages. Defendant denies any and all remaining allegations in Paragraph 109 of the Complaint.

## COUNT IV: FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

110.   In response to the allegations contained in Paragraph 110 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 16-59 above, as if fully stated herein.

111.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111, and accordingly denies same.

112.   The allegations contained in Paragraph 112 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

113.   In response to the allegations in Paragraph 113 of the Complaint, Defendant admits only that Plaintiff requested accommodations for an alleged medical condition. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 113 of the Complaint.

114.   The allegations contained in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21

115.   Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.   In response to the allegations contained in Paragraph 116 of the Complaint, Defendant admits only that Plaintiff requested limited hours of work. Defendant denies any and all remaining allegations in Paragraph 116 of the Complaint.

117.   Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.   Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119.   Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120.   Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.   Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant admits only that these damages are available under the ADA, but deny that Plaintiff is entitled to these damages or any other damages or relief. Defendant denies any and all remaining allegations contained in Paragraph 124 of the Complaint.

125.   Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.   In response to the allegations contained in Paragraph 126 of the Complaint, Defendant admits that Plaintiff seeks these damages, but denies that Plaintiff is entitled to such damages or entitled to any other relief or damages. Defendant denies any and all remaining allegations in Paragraph 126 of the Complaint.

**COUNT V: RETALIATION IN VIOLATION OF THE ADA, AS AMENDED**

127.   In response to the allegations contained in Paragraph 127 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 16-59 above, as if fully stated herein.

128.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 111, and accordingly denies same.

129.   The allegations contained in Paragraph 129 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant  denies the allegations.

130.   In response to the allegations contained in Paragraph 130 of the Complaint, Defendant admits only that Plaintiff alleged that she had a medical condition requiring leave. Defendant lacks knowledge or information sufficient to form a belief about the truth of that representation. Defendant denies any and all remaining allegations contained in Paragraph 130 of the Complaint.

131.   The allegations contained in Paragraph 131 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

132.   Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.   The allegations contained in Paragraph 133 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

134.   Defendant denies the allegations contained in Paragraph 134 of the Complaint.

135.   Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.   Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.   Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.   Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.   Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.   In response to the allegations contained in in Paragraph 140 of the Complaint, Defendant admits only that these damages are available under the ADA, but deny that Plaintiff is entitled to these damages or any other damages or relief. Defendant denies any and all remaining allegations contained in Paragraph 140 of the Complaint.

141.   Defendant denies the allegations contained in Paragraph 141 of the Complaint.

142.   In response to the allegations contained in Paragraph 142 of the Complaint, Defendant admits that Plaintiff seeks these damages, but denies that Plaintiff is entitled to such damages or entitled to any other relief or damages. Defendant denies any and all remaining allegations in Paragraph 142 of the Complaint.

143.   Defendant denies any and allegations contained within the Complaint that is not specifically admitted herein.

## PRAYER FOR RELIEF

Defendant denies any and all allegations which may be contained under Plaintiff's prayer for relief, including subparagraphs (a) through (i), and further denies that Plaintiff is entitled to the relief prayed for or to any other relief.

## SECOND DEFENSE

Community Health Services of Georgia, LLC is not a proper party to this action, as Plaintiff was employed by System Administrative Services, LLC, which is a separate and distinct entity from Community Health Services of Georgia, LLC.

## THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under the Family and Medical Leave Act of 1993 (FMLA).

## FOURTH DEFENSE

Defendant's actions with respect to Plaintiff's employment were premised upon legitimate, nondiscriminatory, and non-retaliatory reasons.

## FIFTH DEFENSE

Plaintiff is not entitled to back pay, liquidated damages, interest, or other monetary losses arising from her claims because Defendant did not interfere with Plaintiff's FMLA rights, retaliate against Plaintiff, or otherwise violate the FMLA or the ADA.

## SIXTH DEFENSE

Defendant pleads all applicable statutes of limitations under the FMLA.

## SEVENTH DEFENSE

Plaintiff was afforded all rights to which she was entitled under the FMLA.

## EIGHTH DEFENSE

Defendant did not act with malice or reckless indifference to the rights of Plaintiff.

## NINTH DEFENSE

Defendant did not interfere with any rights of Plaintiff under the FMLA.

## TENTH DEFENSE

Defendant did not retaliate against Plaintiff for exercising her rights under the FMLA.

## ELEVENTH DEFENSE

Plaintiff was discharged from Defendant's employ for legitimate business reasons.

## TWELFTH DEFENSE

Plaintiff was an at-will employee of Defendant, and Defendant had the right to terminate her employment at any time for any reason.

## THIRTEENTH DEFENSE

Defendant cannot be held liable for acts of its employees that it neither participated in, nor authorized, nor ratified.

## FOURTEENTH DEFENSE

Plaintiff has suffered no compensable damages.

## FIFTEENTH DEFENSE

Plaintiff has failed to mitigate any damages that she may have suffered.

## SIXTEENTH DEFENSE

Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to recover liquidated damages arising from her claims under the FMLA because Defendant acted in good faith and had reasonable grounds for believing that its actions did not violate Plaintiff's rights under that statute, regardless of the ultimate lawfulness of its actions.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to equitable relief under the FMLA, since Defendant's actions were premised upon legitimate reasons.

## NINETEENTH DEFENSE

Plaintiff is not entitled to back pay or front pay to the extent she has been employed since her termination.

## TWENTIETH DEFENSE

Defendant did not violate any legal duty owed to Plaintiff.

## TWENTY-FIRST DEFENSE

Defendant acted in good faith.

## TWENTY-SECOND DEFENSE

To the extent Defendant learns that Plaintiff violated any additional policies or procedures or otherwise participated in actions warranting termination subsequent to her termination, her claims are barred under the theory of after-acquired evidence.

## TWENTY-THIRD DEFENSE

Plaintiff's claims under ADA for compensatory and punitive damages are limited to the amounts authorized by 42 U.S.C. § 1981a(b).

## TWENTY-FOURTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted under the Americans with Disabilities Act of 1990 (ADA).

## TWENTY-FIFTH DEFENSE

Plaintiff cannot make out a prima facie case of discrimination or retaliation under the ADA.

## TWENTY-SIXTH DEFENSE

To the extent that Plaintiff failed to include claims in her Charge of Discrimination filed with the EEOC, she has failed to exhaust her administrative remedies as to those claims.

## TWENTY-SEVENTH DEFENSE

To the extent that Plaintiff alleges acts or omissions that occurred more than 180 days prior to the date on which Plaintiff filed her Charge of Discrimination with the EEOC, her ADA claims are barred by the statute of limitations.

## TWENTY-EIGHTH DEFENSE

During Plaintiff's employment with Defendant, Plaintiff was not a "qualified individual with a disability," nor was Plaintiff perceived by, or regarded as, having a disability; and Plaintiff therefore was not entitled to the protections of the ADA.

## TWENTY-NINTH DEFENSE

Assuming Plaintiff was a "qualified individual with a disability," Defendant would have taken the same employment actions without regard to any such disability.

## THIRTIETH DEFENSE

Assuming that Plaintiff was a "qualified individual with a disability," Defendant provided any and all reasonable accommodations that Defendant was legally required to provide to Plaintiff without resulting in undue hardship on the conduct of Defendant's business.

## THIRTY-FIRST DEFENSE

Plaintiff's failure to engage in the "interactive process" is fatal to her ability to prevail on her claim of failure to reasonably accommodate any alleged disability.

## THIRTY-SECOND DEFENSE

Plaintiff has unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## **THIRTY-THIRD DEFENSE**

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests that:

(a)     The Complaint be dismissed;

(b)     Judgment be entered for Defendant;

(c)     Plaintiff take nothing;

(d)     Defendant be awarded its costs in defending this matter; and

(e)     Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 26th day of March, 2021.

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP

*/s/ W. Jonathan Martin, II*
W. JONATHAN MARTIN, II
Georgia Bar No. 474590
PATRICIA-ANNE BROWNBACK
Georgia Bar No. 564294

577 Mulberry St., Suite 710
PO Box 1975
Macon, GA 31202
(478) 750-8600
jmartin@constangy.com
pbrownback@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Adian R. Miller
> Barrett & Farahany
> Suite 500
> 1100 Peachtree St., N.E.
> Atlanta, GA 30309
> adian@justiceatwork.com

This 26th day of March, 2021.

> CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
>
> */s/ W. Jonathan Martin, II*
> W. JONATHAN MARTIN, II
> Georgia Bar No. 474590

577 Mulberry St., Suite 710
PO Box 1975
Macon, GA 31202
(478) 750-8600
jmartin@constangy.com

33